**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiffs*
Our File No.: 113327

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Joanne Rabuffo and Michael Kasten, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Cavalry Portfolio Services, LLC,<br><br>Defendant. | Docket No:<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Joanne Rabuffo and Michael Kasten, Individually and on Behalf of All Others Similarly Situated (hereinafter referred to collectively as "*Plaintiffs*"), by and through the undersigned counsel, complain, state and allege against Cavalry Portfolio Services, LLC (hereinafter referred to as "*Defendant*"), as follows:

## INTRODUCTION

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

## PARTIES

5. Plaintiff Joanne Rabuffo is an individual who is a citizen of the State of New York residing in Nassau County, New York.

6. Plaintiff Michael Kasten is an individual who is a citizen of the State of New York residing in Suffolk County, New York.

7. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1692a(3).

8. On information and belief, Defendant Cavalry Portfolio Services, LLC, is a New York Limited Liability Company with a principal place of business in WESTCHESTER County, New York.

9. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

10. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

11. Defendant alleges each of the Plaintiffs owe a debt ("the Debts").

12. The Debts were primarily for personal, family or household purposes and are therefore "debts" as defined by 15 U.S.C. § 1692a(5).

13. Sometime after the incurrence of the Debts, Plaintiffs fell behind on payments owed.

14. Thereafter, at an exact time known only to Defendant, the Debts were assigned or otherwise transferred to Defendant for collection.

15. In its efforts to collect the debt alleged owed by Plaintiff Rabuffo, Defendant contacted Plaintiff Rabuffo by letter ("the Rabuffo Letter") dated March 13, 2017. ("**Exhibit 1**.")

16. In its efforts to collect the debt alleged owed by Plaintiff Kasten, Defendant contacted Plaintiff Kasten by letter ("the Kasten Letter") dated March 13, 2017. ("**Exhibit 1**.")

17. The Letters are "communications" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
**Violation of 15 U.S.C. § 1692e**

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

**False or Misleading Representations as to the Name of the  
Creditor to Whom the Debt is Owed**

18. Plaintiffs repeats and realleges the foregoing paragraphs as if fully restated herein.

19. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

20. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

21. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

22. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

23. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

24. For purposes of 15 U.S.C. § 1692e, the failure to clearly and accurately identify the creditor to whom the debt is owed is unfair and deceptive to the least sophisticated consumer.

25. The identity of creditor to whom the debt is owed is a material piece of information to a consumer.

26. Knowing the identity of creditor to whom the debt.

27. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to convey such clearly.

28. A debt collector has the obligation not just to convey the name of the creditor to whom the debt is owed, but also to state such explicitly.

29. Even if a debt collector conveys the required information, the debt collector nonetheless violates the FDCPA if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty.

30. When determining whether the name of the creditor to whom the debt is owed has been conveyed clearly, an objective standard, measured by how the "least sophisticated consumer" would interpret the notice, is applied.

31. Although the Rabuffo Letter identifies an "Original Institution" of "HSBC Bank Nevada, N.A. \ Household Bank," it fails to explicitly identify a current creditor.

BARSHAY | SANDERS PLLC  
100 GARDEN CITY PLAZA, SUITE 500  
GARDEN CITY, NEW YORK 11530

32. Although the Kasten Letter identifies an "Original Insitution" of "GE Retail Bank/Lowe's."

33. Both Letters identify an "Original Account No." as well as a "Cavalry Account No."

34. Neither Letter contains any indication whatsoever, whether explicit or explicit, of the nature of the relationship between the respective "Original Institutions" and Defendant.

35. For instance, the Letters fail to state whether the subject accounts were placed with Defendant's office for collections.

36. For instance, the Letters fail to state whether the Defendant is seeking to collection on the subject accounts of the above-referenced "Original Institutions."

37. The Rabuffo Letter states, "RE: Original Insitution: HSBC Bank Nevada, N.A. \ Household Bank."

38. The Kasten Letter states, "RE: Original Insitution: GE Retail Bank/Lowe's."

39. The Letters fail to indicate whether the "Re:" delineations refer to Plaintiffs' respective account owners.

40. The Letters fail to indicate whether the "Re:" delineations refer to Plaintiffs' respective creditors.

41. The Letters fail to indicate whether the "Re:" delineations refer to Plaintiffs' current creditors.

42. The Letters fail to indicate whether the "Re:" delineations refer to the creditors to whom Plaintiffs' respective debts are owed.

43. The Letters fail to indicate who referred the subject accounts to Defendant.

44. The Letters fail to indicate who Defendant represents.

45. The Letters fail to indicate who is Defendant's client.

46. The Letter fails to indicate the name of any entity to which Plaintiff should make her check payable to.

47. Both of the subject Letters states, "Cavalry is offering a 55% discount to you."

48. The Kasten Letter states, "Make Checks and Money Orders Payable to Cavalry Portfolio Services, LLC."

49. Both of the subject Letters state, "By sending your check, please be aware that you are authorizing Cavalry Portfolio Services, LLC to use information on your check to make a

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

4

one-time electronic debt from your account at the financial institution indicated on your check."

50. Defendant failed to explicitly state the names of the creditors to whom Plaintiffs' respective debts are owed.

51. Defendant failed to clearly state the names of the creditors to whom Plaintiffs' respective debts are owed.

52. The least sophisticated consumer would likely be confused as to the names of the creditors to whom Plaintiffs' respective debts are owed.

53. The least sophisticated consumer would likely be uncertain as to the names of the creditors to whom Plaintiffs' respective debts are owed.

54. The least sophisticated consumer, upon reading the Rabuffo Letter in its entirety, could reasonably interpret the Rabuffo Letter to mean that the creditor to whom the debt is owed is the stated "Original Institution" of "HSBC Bank Nevada, N.A. \ Household Bank."

55. Alternatively, the least sophisticated consumer, upon reading the Rabuffo Letter in its entirety, could reasonably interpret the Rabuffo Letter to mean that creditor to whom the debt is owed is Defendant.

56. The least sophisticated consumer, upon reading the Kasten Letter in its entirety, could reasonably interpret the Kasten Letter to mean that the creditor to whom the debt is owed is the stated "Original Institution" of "GE Retail Bank/Lowe's."

57. Alternatively, the least sophisticated consumer, upon reading the Kasten Letter in its entirety, could reasonably interpret the Kasten Letter to mean that the creditor to whom the debt is owed is Defendant.

58. Because both of the subject Letters can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate, as described, they are deceptive within the meaning of 15 U.S.C. § 1692e.

59. Because both of the subject Letters are reasonably susceptible to an inaccurate reading by the least sophisticated consumer, as described, they are deceptive within the meaning of 15 U.S.C. § 1692e.

60. The least sophisticated consumer would likely be deceived by the Letters.

61. The least sophisticated consumer would likely be deceived in a material way by the Letters.

62. Defendant violated § 1692e by using false, deceptive and misleading

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

representations in its attempt to collect the subject debts.

## CLASS ALLEGATIONS

63. Plaintiffs bring this action individually and as a class action on behalf of all persons similarly situated in the State of New York from whom Defendant attempted to collect a consumer debt using substantially similar form collection letters that identify an "Original Instiution," but otherwise fail to identify a "creditor," "current creditor," or creditor to whom the debt is owed," from one year before the date of this Complaint to the present.

64. This action seeks a finding that Defendant's conduct violates the FDCPA, and asks that the Court award damages as authorized by 15 U.S.C. § 1692k.

65. Defendant regularly engages in debt collection.

66. The Class consists of more than 35 persons from whom Defendant attempted to collect delinquent consumer debts using substantially similar form collection letters that identify an "Original Instiution," but otherwise fail to identify a "creditor," "current creditor," or creditor to whom the debt is owed,"

67. Plaintiffs' claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

68. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

69. Plaintiffs will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of

the Class and will be established by common proof. Moreover, Plaintiffs have retained counsel experienced in actions brought under consumer protection laws.

## JURY DEMAND

70. Plaintiffs hereby demand a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully request judgment as follows:

a. Certify this action as a class action; and

b. Appoint Plaintiffs as Class Representatives of the Class, and Plaintiffs' attorneys as Class Counsel; and

c. Find that Defendant's actions violate the FDCPA; and

d. Grant damages against Defendant pursuant to 15 U.S.C. § 1692k; and

e. Grant Plaintiffs' attorneys' fees pursuant to 15 U.S.C. § 1692k; and

f. Grant Plaintiffs' costs; together with

g. Such other relief that the Court determines is just and proper.

DATED: March 14, 2018

**BARSHAY SANDERS, PLLC**

By: ___/s/ Craig B. Sanders___
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiffs*
Our File No.: 113327

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530